```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Christina Lynn Haning,

    Plaintiff,

  v.                             Case No. 2:14-cv-573

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

    Defendant.

<u>ORDER</u>

Plaintiff Christina Lynn Haning brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability, disability insurance benefits, and supplemental security income. On November 8, 2013, the Administrative Law Judge ("ALJ") issued a decision finding that plaintiff had the following severe impairments: history of compression fractures; degenerative joint disease of the right ankle; affective disorder/depression/ dysthymic disorder/adjustment disorder; posttraumatic stress disorder/generalized anxiety disorder; personality disorder; and alcohol abuse. PAGEID 61. The ALJ further concluded that plaintiff had the residual functional capacity ("RFC")

> to perform light work ... except the claimant must avoid all hazards, including heights and dangerous machinery, and must avoid concentrated exposure to extreme heat, extreme cold, and vibrations. The claimant cannot climb ladders, ropes or scaffolds, kneel or crawl and can occasionally climb ramps and stairs, balance, stoop, or crouch. The claimant should have only minimal contact with others, including the public, co-workers, and supervisors. The claimant requires repetitive simple work with few changes in routine. Due to the claimant's

    combination of impairments, she would be off task more than 20% of the workday.

PAGEID 64. After considering the testimony of a vocational expert, the ALJ concluded that plaintiff's impairments, including substance use disorder, rendered her unable to perform any jobs in the national economy. PAGEID 67. The ALJ further found that if plaintiff stopped substance use, her RFC would be as stated above, with the exception that plaintiff would no longer be off task more than 20% of the workday. PAGEID 70-78. Based on the revised RFC and the testimony of the vocational expert, the ALJ found that if plaintiff stopped substance use, there were a significant number of jobs in the national economy that she could perform. PAGEID 78-79. The ALJ concluded that plaintiff was not disabled. PAGEID 79.

    This matter is before the court for consideration of plaintiff's July 13, 2015, objections (Doc. 21) to the June 25, 2015, report and recommendation of the magistrate judge (Doc. 20), recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

    If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

    The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of*

*Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. <u>Objections</u>

A. <u>Assessment of Materiality of Plaintiff's Alcohol Use</u>

Plaintiff first argues that the ALJ erred in her assessment of the materiality of plaintiff's alcohol use. Under social security law, a claimant is not considered disabled "if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §423(d)(2)(C); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d

3

365, 380 (6th Cir. 2013). The key factor in determining whether drug or alcohol abuse is material is whether the claimant would still be disabled if he or she stopped using drugs or alcohol. 20 C.F.R. §§404.1535(a), 416.935(a); Soc. Sec. Rul. 13-2P, 2013 WL 621536 at *7 (Soc. Sec. Admin. February 20, 2013). If the ALJ determines that claimant would still be disabled if the substance abuse stopped, the ALJ must conclude that the substance abuse is not a contributing factor material to the determination of disability and should award benefits. *Blaylock v. Comm'r of Soc. Sec.*, 947 F.Supp.2d 826, 839 (N.D.Ohio 2013)(citing 20 C.F.R. §§404.1535(b)(2)(ii) and 416.935(b)(2)(ii)). If the ALJ finds that the claimant would not be disabled if the substance abuse stopped, the ALJ must conclude that the substance abuse is a contributing factor material to the determination of disability and should not award benefits. *Id.* (citing 20 C.F.R. §§404.1535(b)(2)(i) and 416.935(b)(2)(i)). The claimant bears the burden of proving that substance abuse is not a contributing factor material to his or her disability, that is, that the claimant would still be disabled in the absence of substance abuse. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012); *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007); *Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003); Soc. Sec. Rul. 13-2P, 2013 WL 621536 at *4.

One possible factor in the materiality determination is to look at a claimant's periods of abstinence and compare those periods to times when the claimant was abusing substances. *See Monateri v. Comm'r of Soc. Sec.*, 436 F.App'x 434, 443 (6th Cir. 2011). Soc. Sec. Rul. 13-2P does not expressly define what constitutes a "period of abstinence," but instead notes that due to

the wide variation in substances, duration and intensity of substance use, and interactions of substance abuse with different types of physical and mental disorders, "we are unable to provide exact guidance on the length and number of periods of abstinence to demonstrate whether [substance abuse] is material in every case." 2013 WL 621536 at *12.  Plaintiff argues that the ALJ's materiality decision was invalid because there was no evidence of a period of abstinence in her case to use for comparison purposes in determining whether her other impairments would render her disabled even in the absence of substance use.  The magistrate judge rejected this argument, quoting from Soc. Sec. Rul. 13-2P, Question 6(c)(iv), which states that "[i]f a claimant does not have a period of abstinence, an acceptable medical source can provide a medical opinion regarding whether the claimant's impairments would be severely limiting even if the claimant stopped abusing drugs or alcohol."  Soc. Sec. Rul. 13-2P, 2013 WL 621425 at *9.  This language occurs in Question 6, which addresses co-occurring physical impairments.  It would apply to the ALJ's analysis of the impact of plaintiff's alcohol use on her physical impairments. However, in her statement of errors, plaintiff only challenged the ALJ's evaluation of her mental impairments.

Soc. Sec. Rul. 13-2P, Question 7, sets forth a slightly different procedure for analyzing co-occurring mental disorders. Under Question 7(b), the ALJ may not "rely exclusively on medical expertise [opinion evidence] and the nature of a claimant's mental disorder."  Soc. Sec. Rul. 13-2P, 2013 WL 621425 at *9.  Rather, the ALJ's decision must also be supported by other evidence in the record, such as objective medical evidence (laboratory findings or

5

medical signs), medical source evidence (medical history and statements concerning treatment), statements by the claimant and information from other sources, decisions by any governmental or nongovernmental agency, and information evidence from accepted medical sources such as licensed physicians and psychologists. *See Blaylock*, 947 F.Supp.2d at 840 (citing 20 C.F.R §§404.1512 and 404.1513); *see also Young v. Colvin*, No. 3:13-CV-03489-M, 2014 WL 4851565 at *29 (N.D.Tex. September 30, 2014)(noting that ALJ did not exclusively depend on doctor's opinion, but also relied on plaintiff's psychiatric medical history and treatment records). However, there is no language in Soc. Sec. Rul 13-2P which suggests that evidence of a period of abstinence is a mandatory prerequisite to a finding of materiality in a case involving mental impairments. As the court noted in *Velazquez v. Astrue*:

> When the claimant never achieves sobriety, the materiality determination will necessarily be hypothetical and therefore more difficult, but the claimant cannot avoid a finding of no disability simply by continuing substance abuse.

No. 11-535S, 2013 WL 1415657 at *11 (D.R.I. Feb. 22, 2013); *see also Evans v. Astrue*, No. 11-146S, 2012 WL 4482354 at *2 (D.R.I. Sept. 26, 2012)(plaintiff should not be able to avoid the consequences of his substance abuse by continuously remaining under the influence of cannabis and then claiming that there is no evidence to support a finding that he would not be disabled if he ceased his cannabis use). Therefore, even assuming that plaintiff is correct that there is no evidence of a "period of abstinence" in the record, as that term is used in Soc. Sec. Rul. 13-2P, this would not mandate a finding of nonmateriality.

This court agrees with the conclusion of the magistrate judge,

Doc. 20 at 21, that there is substantial evidence supporting the ALJ's finding that plaintiff failed to satisfy her burden of showing that she would suffer from disabling mental impairments in the absence of her alcoholism. The ALJ gave the greatest weight to the opinion of Marshall D. Tessnear, Ph.D., an consulting examiner who testified at the hearing. Dr. Tessnear testified that in the absence of alcohol abuse, plaintiff had mild limitations in activities of daily living and mild to moderate limitations in concentration, persistence, and pace, and that if she was limited to minimal interaction with others, she would be capable of performing simple repetitive job activities. PAGEID 77. Dr. Tessnear also testified that alcohol use appeared to be a contributing factor material to the disability determination. PAGEID 74.

The ALJ also gave significant weight to the evaluation of plaintiff by Gary Sarver, Ph.D., who stated that plaintiff's limitations were likely to vary with her alcohol abuse. PAGEID 77. When Dr. Sarver evaluated plaintiff in October of 2011, he noted that plaintiff smelled of alcohol, but did not appear to be inebriated. PAGEID 73. The ALJ noted that although plaintiff cried periodically during the evaluation, the examination was "essentially normal and failed to reveal any significant deficiencies." PAGEID 73. Dr. Sarver opined that plaintiff's "functional rating was likely to improve significantly in the absence of alcohol abuse." PAGEID 431. The ALJ also discussed a November, 2011, examination of plaintiff by Judith Brown, M.D., who "observed no evidence of alcohol inebriation" or "significant psychological deficiencies on examination." PAGEID 73. Regarding

Dr. Brown's examination of plaintiff, the ALJ stated that "[t]he treatment records fail to document evidence of inebriation, and without such, the claimant's presentation was essentially normal." PAGEID 73.  The ALJ also gave significant weight to the reviewing opinions of Jennifer Swain, Psy.D, and Karla Voyten, Ph.D., regarding plaintiff's capacity in the absence of alcohol consumption, noting that the opinions reflected "a thorough review of the record" and were  "consistent with the treatment records, observations and findings of treating providers, and observations made by the consultative examiners."  PAGEID 76.

   The ALJ also considered plaintiff's hearing testimony, and found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they conflicted with the RFC. PAGEID 71.  The ALJ noted that although treatment records documented diagnoses of depression, dysthymic disorder and generalized anxiety disorder, treatment for these conditions was sparse and conservative, and plaintiff never sought treatment from a specialist.  PAGEID 73. *See Rudd v. Comm'r of Soc. Sec.*, 531 F.App'x 719, 727 (6th Cir. 2013)(ALJ's finding was supported by evidence that treatment was minimal and conservative).  The ALJ further observed that plaintiff had provided inconsistent information regarding her substance abuse history, noting that plaintiff told H.L. Krupaduv, M.D., during a state agency evaluation in June of 2013, that she did not have a history of drug use, alcohol dependency or DWIs, but admitted to Dr. Sarver during a state agency evaluation in October of 2011 that she had a history of seven arrests for DWI and one arrest for possession.  PAGEID 74.  The ALJ concluded that "these inconsistent

statements reflect poorly on the claimant's credibility, and suggest that the information provided by the claimant may not be entirely reliable." PAGEID 74. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)(in evaluating a claimant's complaints, ALJ may properly consider the credibility of the claimant).

Plaintiff argues that the ALJ erred in assigning conflicting weights to the opinion of Brian Griffiths, Psy.D., a consultative examiner who interviewed plaintiff in July of 2013. This court agrees with the magistrate judge's conclusion that this alleged inconsistency is easily explained. The ALJ gave Dr. Griffiths' opinion significant weight at Step 4 of the analysis insofar as that opinion addressed the effects of plaintiff's impairments when considered while plaintiff was also abusing alcohol. PAGEID 65. However, the ALJ gave Dr. Griffiths' opinion little weight insofar as it addressed what plaintiff's mental limitations would be in the absence of alcohol, noting that "the objective evidence of record fails to support such significant limitations in the absence of alcohol [abuse]." PAGEID 77. The ALJ further observed that "mental status examinations failed to reveal any significant deficiencies or abnormalities and even Dr. Griffiths' own examination was essentially normal." PAGEID 77; *see also* PAGEID 74 ("Dr. Griffiths failed to report any significant abnormalities that would support his assessment of marked limitations."). The ALJ also noted that Dr. Griffiths "did not adequately address the role of the claimant's alcohol problem." PAGEID 77. The ALJ adequately explained why she was giving little weight to Dr. Griffiths' opinion regarding plaintiff's mental impairments in the absence of

9

alcohol abuse.

The ALJ's finding the plaintiff's alcohol abuse was material is supported by substantial evidence, including not only expert opinion evidence, but also other evidence, including treatment records. Plaintiff's first objection is denied.

B. Formulation of RFC

Plaintiff argues that the ALJ erred in failing to specifically address her limitations in concentration, persistence and pace in formulating the RFC determination. A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). The ALJ is charged with determining a claimant's RFC. 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). In making that determination, the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).

Plaintiff argues that the RFC did not adequately take into account her limitations in concentration, persistence or pace. She basically contends that ALJ should have also limited her to performing tasks in an environment without fast-paced production demands. The magistrate judge rejected plaintiff's argument that the ALJ had found earlier in her decision that she had mild to moderate limitations in pace, noting that the ALJ largely formulated the RFC based on the hearing testimony of Dr. Tessnear. Doc. 20, p. 22. Dr. Tessnear testified that "in terms of concentration, persistence and pace ... there may be some mild to moderate impairment," but that plaintiff "would be capable of at least simple, repetitive types of job activities" and should not have any problems with work stressors so long as she was limited to

10

simple, repetitive types of work activity involving minimal interactions with others.  PAGEID 115.  The ALJ assigned Dr. Tessnear's opinions "the greatest weight."  PAGEID 66, 77-78.

The court agrees with the magistrate judge's analysis of this claim of error.  In fashioning a hypothetical RFC to be posed to a vocational expert, the ALJ is required to incorporate only those limitations that he accepts as credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).  This is not a case, as in *Ealy*, 594 F.3d at 516, where the ALJ omitted restrictions from the RFC which were included in a medical opinion accepted by the ALJ, thereby essentially truncating the physician's instructions.  *See Smith-Johnson v. Comm's of Soc. Sec.*, 579 F.App'x 426, 436- (6th Cir. 2014)(holding that ALJ's failure to include express limitations regarding concentration, persistence or pace was not error where ALJ did not give weight to any evidence expressing such limitations; limitations in RFC to "simple, routine and repetitive tasks and avoidance of interaction with the general public was sufficient to address claimant's memory deficits and her need for a low-stress environment).  The ALJ relied heavily on the testimony of Dr. Tessnear, who stated that "in terms of concentration, persistence and pace ... there may be some mild to moderate impairment" but that plaintiff "would be capable of at least simple, repetitive types of job activities."  PAGEID 115.  Dr. Tessnear further testified that plaintiff would not have any problems with work stressors as long as she was limited to simple, repetitive types of work activity involving minimal interactions with others.  PAGEID 115.  The RFC, which restricted plaintiff to "repetitive simple work with few changes in routine" and with "only

minimal contact with others, including the public, co-workers, and supervisors," adequately addressed Dr. Tessnear's specifications. PAGEID 70.

The court agrees with the conclusion of the magistrate judge, Doc. 20, p. 23, that the ALJ's RFC determination is supported by substantial evidence, and plaintiff's second objection is denied.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence supporting the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act. The court hereby adopts and affirms the magistrate judge's report and recommendation (Doc. 20). Plaintiff's objections (Doc. 21) are denied. The Commissioner's decision is affirmed, and this action is dismissed.

Pursuant to sentence four of 42 U.S.C. § 405(g), the clerk shall enter final judgment affirming the decision of the Commissioner and dismissing this action.

Date: July 30, 2015            s/James L. Graham
                                           James L. Graham
                                           United States District Judge